E-FILED
Wednesday, 29 September, 2010 11:06:06 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Robert Lee Moore,
  Plaintiff,

  v.                09-1290

Mark H. Locke,
  Defendant.

Memorandum Order and Opinion

Before the court is the defendant's unopposed summary judgment motion [31].

Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e). Further, "[t]he plaintiff cannot merely allege the existence of a factual dispute to defeat summary judgment …. Instead, he must supply evidence sufficient to allow a jury to render a verdict in his favor." *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001). Specifically, the non-moving party "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Filipovic v. K&R Express Systems, Inc.*, 176 F.3d 390, 390 (7th Cir. 1999). Failure by the non-movant to meet all of the above requirements subjects him to summary judgment on his claims.

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge

1

may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659. It is also well settled that "conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment. Keri v. Barod of Trustees of Purdue University, 458 F.3d 620, 628 (7th Cir.2006)(*citing Haywood v. N. Am. Van Lines, Inc.,* 121 F.3d 1066, 1071 (7th Cir.1997)).

Background

Plaintiff is formerly an inmate within the Illinois Department of Corrections (IDOC). On August 21, 2009, while incarcerated, Plaintiff filed the instant complaint [1] pursuant to 42 U.S.C. §1983. Following merit review, the court allowed found the plaintiff had a claim that the defendant, Mark H. Locke had violated his rights under the Eight Amendment when he used excessive force against Plaintiff. Specifically, Plaintiff alleges that Defendant broke his finger while he was incarcerated at Hill Correctional Center (Hill) in June 2009. Defendant now contents that there is no genuine issue of material fact exists regarding Plaintiff's failure to exhaust his administrative remedies prior to filing this suit and that Defendant's summary judgment motion should be granted.

Undisputed Material Facts

1.  On August 21, 2009, Plaintiff filed the instant complaint [1] pursuant to 42 U.S.C. §1983.
2.  Plaintiff's complaint involves prison conditions at HCC.
3   At the time he filed the complaint, Plaintiff was an inmate incarcerated within IDOC.
4.  Plaintiff did not complete the grievance process in accordance with IDOC's rules, regarding an allegation Mark Locke broke his finger at Hill Correctional Center in June 2009. See Defendant's Exhibit 1, Affidavit of Sarah Johnson, attached to memorandum of law [32].

Discussion and Conclusion

The Prison Litigation Reform Act, 42 U.S.C. §1997e(a), provides in pertinent part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See also Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). The exhaustion requirement applies o all inmate lawsuits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of administrative remedies is a condition precedent to filing suit. *Perez v. Wisconsin Dep't. of Corr.*, 182 F.3d 532, 535 (7th Cir.1999). A plaintiff's suit must be dismissed if administrative remedies are not fully and properly exhausted. *Woodford v. Ngo*, 126 S.Ct. 2378, 2383 (2006) (holding that prisoner cannot satisfy exhaustion requirement by filing untimely or otherwise procedurally defective grievances). To fulfill the exhaustion requirement, prisoners must follow the administrative steps established by the state. *Pozo v. McCaughtry*, 286 F.3d

1022, 1025 (7th Cir. 2002). The exhaustion requirement of the Prison Litigation Reform Act is enforced "by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *see also Pavey*, 544 F.3d at 742 (remedy for failure to exhaust is dismissal). Illinois provides for administrative review of inmate complaints through an institutional grievance process, where the review progresses from a counselor to a Grievance Officer to the Chief Administrative Officer. Ill. Admin. Code tit. 20, §§ 504.810, 504.830 (2007). Adverse decisions must be appealed to the Director within 30 days of the Chief Administrative Officer's findings. ILL. ADMIN. CODE tit. 20, § 504.850 (2007). The decision regarding the appeal, handled by the ARB on behalf of the Director, is the final step in the process. *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002).

In this case, Plaintiff has failed to exhaust IDOC's administrative remedies. Plaintiff was an inmate within IDOC at the time he filed the instant complaint pursuant to §1983 regarding prison conditions at Hill. Therefore, Plaintiff was required to exhaust his administrative remedies with respect to his claim that Defendant Locke used excessive force on him prior to filing suit in federal court. Plaintiff did not complete the grievance process in accordance with IDOC's rules. Therefore, Defendant Locks is granted summary judgment.

It is therefore ordered:

1. Pursuant to Fed. R. Civ. Pro. Rule 56, the defendant's summary judgment motion [31] is granted. The clerk of the court is directed to enter judgment in favor of the defendant and against the plaintiff. This case is terminated in its entirety. The parties are to bear their own costs.
2. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g).

Enter this 29th day of September 2010.

**\s\Harold A. Baker**
_____
Harold A. Baker
United States District Court